*Sumintra K. Khan v. Target Corporation*
*State Court of Chatham County, State of Georgia*
*Civil Action File Number:  STCV21-01554*

*Sumintra K. Khan v. Target Corporation*
*USDC, Southern District, Savannah Division*
*Civil Action File Number:  TBA*

# EXHIBIT B:  PETITION FOR REMOVAL

## ALL PLEADINGS FILED IN THE
## STATE COURT OF CHATHAM COUNTY

*Brian K. Hart* - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SUMINTRA K. KHAN, | |
| Plaintiff, | CIVIL ACTION FILE NO. STCV21-01554 |
| v. | |
| TARGET CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### COMPLAINT AND DEMAND FOR A TRIAL BY JURY

COMES NOW Plaintiff Sumintra K. Khan, by and through counsel, and files this Complaint against Defendant Target Corporation, showing the Court and Jury as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Sumintra K. Khan (hereinafter "Plaintiff") is a resident of the State of New Jersey.

2.

Upon information and belief, Defendant Target Corporation (hereinafter "Defendant") is a foreign corporation doing business in the State of Georgia with its principal office at 1000 Nicollet Mall, Minneapolis, Minneapolis, 55403. Defendant may be served through its Registered Agent, C T Corporation System, at 289 South Culver Street, Lawrenceville, Georgia, 30046, with Summons, process, Complaint, and associated written discovery.

3.

The subject incident occurred on Defendant's premises located at 14065 Abercorn Street, Savannah, Georgia, 31419.

Copy from re:SearchGA

4.

Defendant Target Corporation is subject to the jurisdiction and venue of this Court.

## **FACTUAL BACKGROUND**

5.

On or about August 15, 2019, Plaintiff Sumintra K. Khan was an invitee of Target Corporation store #1910, located at 14065 Abercorn Street, Savannah, Georgia, 31419 (hereinafter "premises"), when Plaintiff suffered a fall due to what appeared to be water on the floor left unattended.

6.

At all times material to this action, the premises were owned, controlled, and maintained by Defendant Target Corporation.

7.

At the aforesaid time and place, Plaintiff suffered a fall due to liquid left unattended on the floor of premises, thereby creating a hazardous condition.

8.

The hazardous condition appeared to come from a cooler located in the grocery department.

9.

Defendant negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. Defendant had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by

Copy from re:SearchGA

RECEIVED FOR FILING STATE COURT 03/27 CHATHAM CO. GA 00/00/2021 2:12 PM
Brian A. Hart - Clerk of Court

allowing the hazardous condition to remain in the area in question which was in the path of invitees

of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous

condition in the path of invitees and did not provide adequate warning to Plaintiff.

10.

As a proximate and direct result of Defendant's wrongful conduct as specifically set forth

hereinafter, Plaintiff has been injured and damaged as follows:

a.  Plaintiff suffered injuries to various portions of Plaintiff's body;

b.  Plaintiff was caused and will be caused in the future to expend sums of money in
    the nature of doctor, hospital, drug any other medical expenses in and about an
    effort to heal and cure said injuries;

c.  Plaintiff has experienced and continues to experience pain and suffering and is
    reasonably certain to experience pain and suffering in the future;

d.  Plaintiff was temporarily and potentially permanently unable to pursue usual and
    normal activities;

e.  Plaintiff was caused to incur aggravation and/or exacerbation to then existing
    conditions that Plaintiff either did or did not know of at the time of this incident;

f.  Plaintiff has experienced and continues to experience mental anguish;

g.  Plaintiff is reasonably certain to experience mental anguish in the future;

h.  Plaintiff was caused to incur out-of-pocket medical expenses; and

i.  Plaintiff was caused to suffer both past and future lost wages, loss of income, loss

of earning capacity and lost employment benefits.

Copy from re:SearchGA

## COUNT I – NEGLIGENCE

### 11.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

### 12.

As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

### 13.

Defendant negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendant had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees. Further, Defendant was negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

### 14.

As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

4

Copy from re:SearchGA

## COUNT II – PREMISES LIABILITY

15.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

16.

As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

17.

Defendant negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

18.

At the aforesaid time and place, Defendant was the owner or lessee of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee.  Further, if any defects in their owned or leased premises existed, Defendant had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendant negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

Copy from re:SearchGA

19.

Defendant was owner or lessee of the property at issue and, as such, said Defendant had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendant also controlled the inspecting and maintaining of said invitee areas and Defendant is also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendant negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendant owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc. Said Defendant negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

20.

Plaintiff avers that Defendant negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendant negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendant.

Copy from re:SearchGA

RECEIVED FOR FILING STATE COURT OF CHATHAM CO. GA 9/30/2021 2:31 PM
Brian K. Hart - Clerk of Court

21.

At the aforesaid time and place, Defendant did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

22.

Defendant negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

23.

Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendant.

24.

The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendant combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

25.

As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

Copy from re:SearchGA

RECEIVED FOR FILING STATE COURT OF CHATHAM CO. GA 9/30/2021 2:12 PM

Brian A. Hart - Clerk of Court

## COUNT III – NEGLIGENT, RECKLESS, AND WANTON
## SUPERVISION AND TRAINING

26.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

27.

As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from a hazardous condition at the Defendant's premises.

28.

Defendant was under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

29.

Defendant negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendant's failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

30.

As a direct and proximate consequence of Defendant's negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

Copy from re:SearchGA

**WHEREFORE**, Plaintiff requests the following:

(a)     That Defendant be served with process;

(b)     That Plaintiff recover from Defendant, jointly and severally, for past, present and future pain and suffering, both physical and mental, past, present and future medical expenses, past, present and future lost wages, and for permanent injury, as determined by a fair and impartial jury;

(c)     That Plaintiff have a trial by jury of their peers;

(d)     That Plaintiff recover all expenses of litigation, including attorneys' fees;

(e)     That Plaintiff have such other, further and different relief as allowed by Georgia law and as this Court and the jury deem just and appropriate.

This 13th day of August, 2021.

                                                 Respectfully Submitted,

                                                 /s/ J. Ross Massey
                                                 J. ROSS MASSEY
                                                 Georgia Bar No. 788136
                                                 SAIF S. AHMED
                                                 Georgia Bar No. 684067
                                                 *Counsel for Plaintiff*

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6003 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com

9

Copy from re:SearchGA

2102292

|  | Superior Court _____ | Magistrate Court _____ |

Civil Action No. STCV21-01554

State Court __X__    Probate Court _____
Juvenile Court _____

Date Filed 08/13/2021

Georgia, CHATHAM _____ COUNTY

SUMINTRA K. KHAN _____

Attorney's Address

**J. ROSS MASSEY, ESQ.**
**SHUNNARAH INJURY LAWYERS, P.C.**
**1374 S. MILLEDGE AVENUE**
**ATHENS, GA 30605**
**P: (706) 355-6003 | F: (205) 983-8445**

_____
Plaintiff

**Vs.**

Name and Address of Party to Be Served

TARGET CORPORATION

TARGET CORPORATION

_____

c/o Registered Agent, C T CORPORATION SYSTEM

_____
Defendant

289 S CULVER STREET, LAWRENCEVILLE, GA 30046

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy the within action and summons

_____ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

__X__ Served the defendant Target Corp. a corporation by leaving a copy of the within action and summons with Linda Dailes (NH) in charge of the office and place of doing business of said Corporation in this County.

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 18 day of Aug , 21

Lt. Higgins 50541

DEPUTY

**SHERIFF DOCKET _____    PAGE _____**

SC-2 Rev. 85

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of CHATHAM_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___8/13/2021___ <br> **MM-DD-YYYY** | Case Number ___STCV21-01554___ |

**Plaintiff(s)**
KHAN, SUMINTRA K.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
TARGET CORPORATION

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** J. ROSS MASSEY      **Bar Number** 788136      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Copy from re:SearchGA

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. 10/08/2021 1:32 PM

*Brian A. Hart* - Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SUMINTRA K. KHAN, | |
| Plaintiff, | CIVIL ACTION FILE |
| | NO. _____ STCV21-01554 |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT TARGET CORPORATION

COMES NOW Plaintiff in the above-styled case and, pursuant to the Georgia Rules of Civil Procedure, propounds to Defendant TARGET CORPORATION the following Interrogatories to be answered and responded to pursuant to O.C.G.A. Section 9-11-33.

You are reminded that under the provision of O.C.G.A. Section 9-11-26 et seq., you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matter; and (b) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a) you know that the response was incorrect when made; or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

Copy from re:SearchGA

RECEIVED FOR FILING IN STATE COURT CLERK CHATHAM CO. 8/30/2021 2:32 PM

*Brian A. Hart* - Clerk of Court

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence as alleged in the Plaintiff's Complaint at the Defendant's location.

## **INTERROGATORIES**

1. Are you named correctly in the Complaint? If not, how should you be correctly designated in an action at law?

2. Please identify by name and address the individual responsible for answering these Interrogatories.

2

Copy from re:SearchGA

RECEIVED FOR FILING IN CLERK'S OFFICE CHATHAM CO. GA. 10/05/2021 12:32 PM

Brian A. Hart - Clerk of Court

3.        Have you been advised that these Interrogatories and the accompanying Requests for Production are required to be answered under oath?

4.        Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

5.        Please identify who will serve as the representative of the Defendant at counsel table in the event this matter is tried before a finder of fact.

6.        Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for Defendant arising out of the incident made the basis of this lawsuit.

7.        For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

8.        Who – whether and individual or business entity – owns the premises where said incident occurred?

9.        Does a third-party, other than named in the Complaint or response to the previous question, operate, clean, care for, or maintain the premises where said incident occurred?  If so, please name said third-party.

10.        Please state the most current information regarding the name, address and telephone number of every employee, including their job title/description, who worked on the date of incident per Plaintiff's Complaint as the location in question.

Copy from re:SearchGA

11.     Please list and identify each employee of Defendant who has knowledge, in any way, of the incident made the basis of this suit.

12.     Please identify each person – other than employees named above – who has knowledge concerning the facts surrounding the incident made the basis of this suit.

13.     Was the Defendant or any of the Defendant's employees ever made aware of the hazard alleged by the Plaintiff, including any reports made by other previous invitees?  If so, please list the names of those employees who were aware, when they were made aware, and the basis of how they became aware of the hazard.

14.     Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of the alleged hazardous substance in question which Plaintiff encountered, including how long it existed and how it got there.

15.     Please state in detail each and every fact known to you, or made known to you through third parties, concerning how the incident made the basis of this suit occurred and identify each said person.

16.     Please state precisely and descriptively the location on the premises where the event made the basis of this suit occurred.

17.     Please state whether you had any signs posted which warned of a potential hazard in the vicinity where Plaintiff was injured.

18.     If you contend that warning signs were posted, please state the substance and location of each sign.

19.     If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

4

Copy from re:SearchGA

20.      If you contend that Plaintiff assumed the risk of said injuries, please state each and every fact upon which you rely in support of said contention.

21.      If you contend the hazard encountered by the Plaintiff was open and obvious, then please state each and every fact upon which you rely.

22.      Please state whether you have any policy, procedure or safety program instituted regarding maintaining a safe condition at the premises where Plaintiff was injured, including maintenance and monitoring of these areas where guests or invitees would navigate.  If so, please state the substance of said policy, procedure or safety program.

23.      Please state if a video of the Plaintiff's alleged incident exists, _or ever existed_, and who has viewed said video as well as who possesses the video at this time.

24.      Please state if a photos of the area where the alleged incident occurred exist, _or ever existed_, and who has viewed said photos as well as who possesses the photos at this time.

25.      Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

26.      Please state whether a displaced substance and/or object was located where Plaintiff was injured, immediately prior to the incident made the basis of this lawsuit.

27.      If a displaced substance and/or object was located upon the floor, please state what steps, if any, you (or the Defendant's employees) took to clear the object/substance from the area and identify the individual responsible for performing the task.

Copy from re:SearchGA

This 13th day of August, 2021.

Respectfully Submitted,

*/s/ J. Ross Massey*
J. ROSS MASSEY
Georgia Bar No. 788136
SAIF S. AHMED
Georgia Bar No. 684067
*Counsel for Plaintiff*

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6003 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com

6

Copy from re:SearchGA

RECEIVED FOR FILING 10/13/2021 9:16 AM CLERK STATE COURT CHATHAM CO. GA DOCUMENT 2:32 PM

*Brian M. Hart* - Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SUMINTRA K. KHAN,

      Plaintiff,

v.

TARGET CORPORATION,

      Defendant.

CIVIL ACTION FILE
NO. _____ STCV21-01554

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION

COMES NOW Plaintiff in the above-styled case and, pursuant to the Georgia Rules of Civil Procedure, propounds to Defendant, TARGET CORPORATION the following requests for production to be answered and responded to within the next forty-five (45) days.

You are reminded that under the provision of O.C.G.A. Section 9-11-26 et seq., you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a) you know the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

Copy from re:SearchGA

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these Requests:

"You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

"Persons" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

2.      Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

2

Copy from re:SearchGA

3.      Please produce a copy of any still color photographs which depict the area of the hazard and/or the incident made the basis of this suit.

4.      Please produce a copy of any still color photographs taken of Plaintiff at any time since the incident that is the basis of this suit.

5.      Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of floors, walk-ways, and shelving within Defendant's facility, including but not limited to Defendant's facility where the incident made the basis of this suit occurred, to ensure a safe condition.

6.      Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

7.      Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on the date of the subject incident referenced in the Complaint.

8.      Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

9.      Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

10.      Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, or Plaintiff's representatives, occurring before Plaintiff filed this lawsuit.

11.      Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

Copy from re:SearchGA

12.     Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

13.     Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

14.     Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

15.     Please produce a copy of all records obtained regarding Plaintiff.  [You have a continuing duty to supplement this Request.  Additionally, please consider this a formal request for all records obtained through non-party requests and subpoenas].

This 13th day of August, 2021.

Respectfully Submitted,

*/s/ J. Ross Massey*
J. ROSS MASSEY
Georgia Bar No. 788136
SAIF S. AHMED
Georgia Bar No. 684067
*Counsel for Plaintiff*

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6003 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com

4

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SUMINTRA K. KHAN, | |
| Plaintiff, | CIVIL ACTION FILE NO. _____ STCV21-01554 |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

### RULE 5.2 CERTIFICATE OF SERVICE

In accordance with Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery is to be served contemporaneously with the Complaint and Summons upon Defendant:

1. Plaintiff's First Interrogatories to Defendant Target Corporation; and
2. Plaintiff's First Request for Production of Documents to Defendant Target Corporation.

This 13th day of August, 2021.

Respectfully Submitted,

*/s/ J. Ross Massey*
J. ROSS MASSEY
Georgia Bar No. 788136
SAIF S. AHMED
Georgia Bar No. 684067
*Counsel for Plaintiff*

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6003 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com

1

Copy from re:SearchGA

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SUMINTRA K. KHAN,

      Plaintiff,

v.

TARGET CORPORATION,

      Defendant.

CIVIL ACTION FILE
NO. STCV21-01554

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

      Target Corporation
      c/o C T Corporation System
      289 S. Culver Street
      Lawrenceville, GA 30046

      You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

J. Ross Massey, Esq.
Saif S. Ahmed, Esq.
SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6003 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken for the relief demanded in the Complaint.

      This 13th day of August, 2021.

            By: _/s/ Moneisha Green_____
            Deputy Clerk

Copy from re:SearchGA

*Brian A. Hart* - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. STCV21-01554 |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT TARGET CORPORATION'S
## DEMAND FOR TWELVE PERSON JURY

COMES NOW Defendant Target Corporation ("hereinafter referred to as "Target") named

in Plaintiff's Complaint, by and through undersigned counsel, and pursuant to O.C.G.A. § 15-12-

122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Sean Herald*
950 East Paces Ferry Road, N.E.          Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No. 515323
Atlanta, Georgia 30326          Sean T. Herald
Telephone:     (404) 870-7390          Georgia Bar No. 246729
Facsimile:     (404) 870-1030          *Attorneys for Defendant Target Corporation*

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.  STCV21-01554 |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT TARGET CORPORATION'S DEMAND FOR TWELVE PERSON JURY** with the Clerk of Court using the electronic filing system, which will send electronic notification to the following counsel of record and/or in the alternative via United States Postal Service with adequate postage affixed thereto to the following:

J. Ross Massey, Esq.
Saif S. Ahmed, Esq.
SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, Georgia 30605

Respectfully submitted this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030

_/s/ Sean Herald_____
Sean T. Herald
Georgia Bar No.  246729
*Attorneys for Defendant Target Corporation*

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. STCV21-01554 |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT TARGET CORPORATION'S ANSWER AND DEFENSES
### TO PLAINTIFF'S COMPLAINT

COMES NOW Target Corporation (hereinafter referred to as "Target"), named in Plaintiff Sumintra K. Khan's Complaint (the "Complaint") (hereinafter referred to as "Plaintiff") by and through undersigned counsel, and files this, its *Answer and Defenses* thereto, further showing this honorable Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Target upon which relief can be granted.

### SECOND DEFENSE

Defendant Target committed no act or omission which caused or contributed to the subject incident or the Plaintiff's alleged injuries.

### THIRD DEFENSE

Target has breached no duty owed to the Plaintiff.

## FOURTH DEFENSE

Any alleged injuries sustained by the Plaintiff were proximately caused in whole or in part by the acts or omissions of persons other than Target, over whom Target had no control, or by the superseding intervention of causes outside Target's control.

## FIFTH DEFENSE

Target breached no legal duty owing Plaintiff, and therefore Plaintiff cannot recover from Target.  At all times, Target exercised that degree of care required by law; therefore, Plaintiff may not recover from Target in any sum or manner whatsoever.

## SIXTH DEFENSE

This action is or may be barred by the doctrine of contributory/comparative negligence. The Plaintiff's negligence was greater than or equal to any negligence on the part of the Defendant. In the exercise of ordinary care, the Plaintiff could have avoided the subject incident.

## SEVENTH DEFENSE

The Plaintiff's failure to plead and itemize special damages in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

## EIGHTH DEFENSE

Plaintiff is not entitled to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11 because Target has not acted in bad faith, been stubbornly litigious or caused Plaintiff unnecessary trouble and expense.

## NINTH DEFENSE

Plaintiff's claims against Target are barred by the applicable statute of limitations.

**TENTH DEFENSE**

Target denies it negligently, recklessly and/or wantonly trained or supervised its employees.

**ELEVENTH DEFENSE**

Target reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation and discovery.

**TWELFTH DEFENSE**

For a twelfth defense, Defendant Target Corporation ("Target") responds to the enumerated Paragraphs of Plaintiff's Complaint as follows:

**PARTIES, JURIDICTION AND VENUE**

1.

Target is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 1 of Plaintiff's Complaint, which therefore stand denied.

2.

Target admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Target admits Plaintiff was present at the Target store located at 14065 Abercorn Street, Savannah, Georgia 31419 on August 15, 2019. Target denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Target denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

### 5.

Target admits Plaintiff was present at the Target store located at 14065 Abercorn Street, Savannah, Georgia 31419 on August 15, 2019. Target denies all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

### 6.

Target denies the allegations contained in Paragraph 6 of Plaintiff's Complaint as written.

### 7.

Target denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as written.

### 8.

Target denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as written.

### 9.

Target denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### 10

Target denies the allegations contained in Paragraph 10 and sub-paragraphs 10(a) through 10(i) of Plaintiff's Complaint.

## COUNT I - NEGLIGENCE

### 11.

Target incorporates and restates its responses to the above paragraphs of the Plaintiff's Complaint as if fully set forth herein.

### 12.

Target states that the allegations contained in Paragraph 12 contain legal conclusions to which no answer is required; however, to the extent that an answer is required, Target denies such

statements as an inaccurate or incomplete representation of the laws. Target denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Target denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Target denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT II – PREMISES LIABILITY

15.

Target incorporates and restates its responses to the above paragraphs of the Plaintiff's Complaint as if fully set forth herein.

16.

Target states that the allegations contained in Paragraph 16 contain legal conclusions to which no answer is required; however, to the extent that an answer is required, Target denies such statements as an inaccurate or incomplete representation of the laws. Target denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Target denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Target denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Target denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Target denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Target denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Target denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Target denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Target denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Target denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT III – NEGLIGENT, RECKLESS AND WANTON SUPERVISION AND TRAINING

26.

Target incorporates and restates its responses to the above paragraphs of the Plaintiff's Complaint as if fully set forth herein.

27.

Target states that the allegations contained in Paragraph 27 contain legal conclusions to which no answer is required; however, to the extent that an answer is required, Target denies such statements as an inaccurate or incomplete representation of the laws. Target denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Target denies the allegations contained in Paragraph 28 of Plaintiff's Complaint as written.

29.

Target denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Target denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Target denies the paragraph in its entirety, denies each and every allegation not specifically admitted hereinabove, denies that Target was negligent, and denies that Plaintiff is entitled to recover any amount from Target herein. Any averment contained in Plaintiff's Complaint which has not been expressly admitted by Target in this, its *Answer and Defenses*, is hereby denied and strict proof thereof is demanded.

WHEREFORE, having fully responded to Plaintiff's Complaint by the filing of the within and foregoing *Answer and Defenses*, Defendant Target Corporation prays:

(a)     That judgment is rendered in favor of Target and against Plaintiff;

(b)     That it be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and,

(d)     For such other and further relief as is just and proper.

Respectfully submitted this the 17th day of September, 2021.

[SIGNATURE ON THE FOLLOWING PAGE]

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.          */s/ Sean Herald*_____
Suite 1700 – Salesforce Tower Atlanta    Matthew G. Moffett
Atlanta, Georgia 30326                   Georgia Bar No.  515323
Telephone:     (404) 870-7390            Sean T. Herald
Facsimile:     (404) 870-1030            Georgia Bar No.  246729
                                         *Attorneys for Defendant Target Corporation*

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. STCV21-01554 |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **DEFENDANT TARGET CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the electronic filing system, which will send electronic notification to the following counsel of record and/or via United States Postal Service with adequate postage affixed thereto to the following:

J. Ross Massey, Esq.
Saif S. Ahmed, Esq.
SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, Georgia 30605

Respectfully submitted this the 17th day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Sean Herald*
950 East Paces Ferry Road, N.E.          Sean T. Herald
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No. 246729
Atlanta, Georgia 30326          *Attorneys for Defendant Target Corporation*
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SUMINTRA K. KHAN, | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO.  STCV21-01554 |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

**DEFENDANT TARGET CORPORATION'S**
**FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF SUMINTRA K. KHAN**

TO:      **Sumintra K. Khan**
         **c/o: J. Ross Massey, Esq.**
         **SHUNNARAH INJURY LAWYERS, P.C.**
         **1374 S. Milledge Avenue**
         **Athens, Georgia 30605**

Pursuant to O.C.G.A. § 9-11-36, Defendant Target Corporation (hereinafter referred to as "Defendant" or "Target"), requests Plaintiff Sumintra K. Khan (the "Plaintiff") to make the following admissions for the purpose of this action only, and subject to all pertinent objections to admissibility which may be interposed at the trial:

**DEFINITIONS**

1.     The term **"PLAINTIFF," "YOU,"** and **"YOUR"** refers to the responding party, Plaintiff Sumintra K. Khan.

2.      The terms **"DEFENDANT"** refers to the propounding party.

3.     The term **"ACCIDENT"** refers to the accident referred to in the Plaintiff's Complaint.

## REQUESTS FOR ADMISSIONS

1. The amount in controversy, exclusive of interest and costs, in this matter exceeds $75,000.00.

2. Plaintiff seeks to recover special damages in this case in an amount greater than $75,000.00.

3. Plaintiff seeks to recover damages in this case in an amount greater than or equal to $75,000.00.


Respectfully submitted this the 21st day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          /s/ Sean Herald
950 East Paces Ferry Road, N.E.          Sean T. Herald
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No. 246729
Atlanta, Georgia 30326          *Attorneys for Defendant Target Corporation*
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SUMINTRA K. KHAN, | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO. STCV21-01554 |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT TARGET CORPORATION'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF SUMINTRA K. KHAN** upon all counsel of record via electronic mail and by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

J. Ross Massey, Esq.
Saif S. Ahmed, Esq.
SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, Georgia 30605

Respectfully submitted this the 21st day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          */s/ Sean Herald*
950 East Paces Ferry Road, N.E.          Sean T. Herald
Suite 1700 – Salesforce Tower Atlanta          Georgia Bar No. 246729
Atlanta, Georgia 30326          *Attorneys for Defendant Target Corporation*
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SUMINTRA K. KHAN, | ) |
| | ) |
| Plaintiff, | )     CIVIL ACTION |
| | )     FILE NO.  STCV21-01554 |
| v. | ) |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT TARGET CORPORATION'S
### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

THIS CERTIFIES that pursuant to Uniform Rule of State Court 5.2, I have this day served

a copy of the following discovery documents upon opposing counsel in the above-styled action:

**1. Defendant Target Corporation's First Requests for Admissions to Plaintiff**

**Sumintra K. Khan.**

Respectfully submitted the 21st day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030

*/s/ Sean T. Herald*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sean T. Herald
Georgia State Bar No.: 246729
*Attorneys for Defendant*

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.  STCV21-01554 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT**

**TARGET CORPORATION'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

**MATERIALS** with the Clerk of Court using the Court's electronic filing-and-service system,

which will send electronic notification to all parties having appeared of record in this action:

**J. Ross Massey, Esq.**
**Saif S. Ahmed, Esq.**
**SHUNNARAH INJURY LAWYERS, P.C.**
**1374 S. Milledge Avenue**
**Athens, GA 30605**

Dated the 21ˢᵗ day of September, 2021.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7390
Facsimile:      (404) 870-1030

*/s/ Sean T. Herald*
Matthew G. Moffett
Georgia State Bar No.: 515323
Sean T. Herald
Georgia State Bar No.: 246729
*Attorneys for Defendant*

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.  STCV21-01554 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT TARGET CORPORATION'S
### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

THIS CERTIFIES that pursuant to Uniform Rule of State Court 5.2, I have this day served

a copy of the following discovery documents upon counsel in the above-styled action:

1) **Defendant Target Corporation's Responses and Objections to Plaintiff's First Interrogatories to Defendant Target Corporation; and**

2) **Defendant Target Corporation's Responses and Objections to Plaintiff's First Request for Production of Documents to Defendant Target Corporation.**

Respectfully submitted this 4th day of October, 2021.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | **/s/ Sean T. Herald** |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.: 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Sean T. Herald |
| Atlanta, Georgia 30326 | Georgia State Bar No.: 246729 |
| Telephone:    (404) 870-7445 | *Attorneys for Defendant Target Corporation* |
| Facsimile:    (404) 870-1030 | |

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.  STCV21-01554 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ***DEFENDANT TARGET CORPORATION'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS*** with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**J. Ross Massey, Esq.**
**Saif S. Ahmed, Esq.**
**SHUNNARAH INJURY LAWYERS, P.C.**
**1374 S. Milledge Avenue**
**Athens, GA 30605**

Dated this 4th day of October, 2021.

*/s/ Sean T. Herald*
Sean T. Herald
Georgia State Bar No.: 246729

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO:  STCV21-01554 |
| TARGET CORPORATION, | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF SUMINTRA K. KAHAN'S RESPONSE TO DEFENDANT TARGET CORPORATION''S FIRST REQUESTS FOR ADMISSION

COMES NOW Sumintra Khan and responds to Defendant's First Request for Admissions as follows:

## GENERAL OBJECTIONS

Plaintiff states that she is continuing to investigate the facts surrounding the incident which is the subject of Plaintiff's Complaint and, therefore, further and/or different information may become available.  Accordingly, Plaintiff reserves the right to supplement their responses to Defendant's First Requests for Admission in accordance with O.C.G.A. § 9-11-26(e).  Additionally, Plaintiff objects to all instructions, directions and definitions contained in Defendants' First Requests for Admission to the extent they differ from the Georgia Civil Practice Act and all

other relevant provisions of Georgia law. Plaintiff shall provide responses to these First Requests for Admission in accordance with the Georgia Civil Practice Act and all other relevant provisions of Georgia law.

Subject to and without waiving the above-stated objections, Plaintiffs respond to Defendant's numbered Requests as follows:

## REQUESTS FOR ADMMISSION

1.

The amount in controversy, exclusive of interest and costs, in this matter exceeds $75,000.00

**RESPONSE:** **Admitted.**

2.

Plaintiff seeks to recover special damages in this case in an amount greater than $75,000.00

**RESPONSE:** **Admitted.**

3.

Plaintiff seeks to recover damages in this case in an amount greater than or equal to $75,000.00

**RESPONSE:** **Admitted.**

This 29th day of October, 2021.

Respectfully Submitted,


*/s/ J. Ross Massey*
J. ROSS MASSEY
Georgia Bar No. 788136
*Attorney for Plaintiff*

SHUNNARAH INJURY LAWYERS, PC
1374 S. Milledge Avenue
Athens, GA  30605
(706)248-5244 | Telephone
(205)983-8445 | Fax
rmassey@asilpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing pleading upon all

parties to this matter via electronic mail, to all counsel of record as follows:

Sean T. Herald
GRAY, RUST, ST. AMAND, MOFFETT, & BRIESKE, L.L.P.
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326
sherald@grsmb.com

This 29th day of October, 2021

*/s/ J. Ross Massey*
J. ROSS MASSEY
Georgia Bar No. 788136
*Attorney for Plaintiff*

SHUNNARAH INJURY LAWYERS, PC
1374 S. Milledge Avenue
Athens, GA  30605
(706)248-5244 | Telephone
(205)983-8445 | Fax
rmassey@asilpc.com

-4-

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SUMINTRA K. KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO:  STCV21-01554 |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### RULE 5.2 CERTIFICATE

In accordance with Uniform State Court Rule 5.2, as amended, the undersigned hereby

certifies that the following discovery has been served upon counsel of record in the foregoing matter

via electronic mail:

1. Plaintiff Sumintra K. Khan's Responses to Defendant Target Corporation's First Requests
   for Admission

This 29th day of October,  2021.

Respectfully Submitted,

_/s/ J. Ross Massey_____
J. ROSS MASSEY
Georgia Bar No. 788136
Saif S. Ahmed
Georgia Bar No. 7684067
_Counsel for Plaintiff_

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6005 | Telephone
(205) 983-8445 | Fax

1

rmassey@asilpc.com
sahmed@asilpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing pleading upon all parties

to this matter via electronic mail, to all counsel of record as follows:

Sean T. Herald
GRAY, RUST, ST. AMAND, MOFFETT, & BRIESKE, L.L.P.
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326
sherald@grsmb.com

This 29th day of October, 2021

Respectfully Submitted,

*/s/ J. Ross Massey*
J. ROSS MASSEY
Georgia Bar No. 788136
Saif S. Ahmed
Georgia Bar No. 7684067
*Counsel for Plaintiff*

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(706) 355-6005 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com
sahmed@asilpc.com

 **CT Corporation**

**Service of Process Transmittal**
08/18/2021
CT Log Number 540095537

| | |
|---|---|
| **TO:** | Sue Carlson<br>Target Corporation<br>1000 NICOLLET MALL<br>MINNEAPOLIS, MN 55403-2542 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Target Corporation  (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SUMINTRA K. KHAN, Pltf. vs. TARGET CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # STCV2101554 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2021 at 11:02 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2021, Expected Purge Date: 08/23/2021<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.